IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARRYL L. WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-0484-CV-W-ODS |
| | ) | |
| SUPERIOR ASPHALT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION GRANTING SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment (Doc. #28). For the following reasons, Defendant's motion is granted.

Plaintiff alleges he was employed by Superior Asphalt Company from May 2001 through May 2003 and was denied promotional opportunities due to his race, was sent home by his supervisor because of his race and was discharged in retaliation for protesting his discrimination. Defendant contends Plaintiff was never employed by Superior Asphalt Company, but rather Superior Bowen Asphalt Company, a completely separate entity.

Plaintiff's W-2 and Earning Statements identify "Superior Bowen Asphalt Company, LLC" as Plaintiff's employer. Superior Bowen Asphalt Company, LLC, is a Missouri limited liability company formed in 1999. Its employer identification number is 43-1861896. Its registered agent is SHB, Inc.. Superior Bowen Asphalt Company, LLC is fifty percent owned by Superior Asphalt Company and fifty percent owned by Bowen Construction Company, a Missouri corporation formed in 1949.

Defendant Superior Asphalt Company is a Missouri Corporation formed in 1979. Its employer identification number is 43-1164566. Its registered agent is L.E. Eikenberry, Jr.. Defendant is owned by Clarkson Construction Company, a Missouri corporation. An affidavit submitted by Mary Watkins, the EEO Officer for Defendant, states she has personal knowledge of the identity of all employees of Defendant and Plaintiff has never been employed by Superior Asphalt Company.

While there is clearly a connection between the two companies, Superior Asphalt and Superior Bowen are two different entities. Plaintiff worked for the latter and cannot claim to have been harmed by the former. Plaintiff was never an employee of Defendant. Therefore, there is no genuine issue of material fact and Defendant's Motion for Summary Judgment is granted.[1]

IT IS SO ORDERED.

DATE: August 2, 2006                                   /s/ Ortrie D. Smith
                                                       ORTRIE D. SMITH, JUDGE
                                                       UNITED STATES DISTRICT COURT

---

[1] In light of the Court's ruling, Defendant's Motion to Dismiss (Doc. #41) is denied as moot.